## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM NAVARRO,                          :        Civil No. 3:23-cv-514
                                          :
            Petitioner                    :        (Judge Mariani)
                                          :
    v.                                    :
                                          :
WARDEN BARRAZA,                           :
                                          :
            Respondent                    :

FILED
SCRANTON

MAY 16 2023

PER_____
DEPUTY CLERK

## MEMORANDUM

Petitioner William Navarro ("Navarro"), an inmate confined at the Federal Correctional Institution, in Allenwood, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Navarro seeks an Order directing the Federal Bureau of Prisons ("BOP") to award him earned time credits pursuant to the First Step Act ("FSA"). (*Id.* at pp. 1, 9). For the reasons set forth below, the Court will deny the habeas petition.

## I.    Background

On January 14, 2021, Navarro was sentenced to a fifty (50) month term of imprisonment imposed by the United States District Court for the Northern District of Ohio after pleading guilty to a count of being a felon in possession of a firearm. (Doc. 6-1, pp. 5-7, Public Information Inmate Data). His projected release date is October 4, 2023, via good conduct time. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Navarro filed one administrative remedy related to the removal of a detainer. (Doc. 6-1, pp. 8-9).

In his § 2241 petition, Navarro alleges that the BOP failed to apply his earned time credits under the First Step Act. (Doc. 1). Respondent contends that Navarro's § 2241 petition must be denied because: (1) Navarro failed to exhaust his administrative remedies; and (2) Navarro is not eligible for earned time credits at this time. (Doc. 6). The petition is ripe for resolution.

II.     **Discussion**

    A.     **Exhaustion of Administrative Review**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That

process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Navarro's Administrative Remedy Generalized Retrieval report reveals that he failed to exhaust the claims in the instant habeas petition. (Doc. 6-1, pp. 8-9). The record reflects that Navarro only filed one administrative remedy wherein he requested the removal of a

3

detainer. (*Id.*). The undisputed record confirms that he did not file any administrative remedies regarding earned time credits under the FSA and thus failed to exhaust his claims concerning FSAtTime credits. Navarro has not established that he should be excused from exhausting administrative remedies with respect to his present claims. While the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Navarro's eligibility for earned time credits and the specific number of earned time credits. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Navarro's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system. Moreover, even if Navarro thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Thus, Navarro's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Navarro to invoke the judicial

process despite failing to complete administrative review.  Nevertheless, the Court will address the merits of his petition below.

      **B.**    **Merits of the Habeas Petition**

      Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  *See* 18 U.S.C. § 3632.  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See id.* § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

      The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for

every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.* However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. *See id.* § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. *See id.* § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. *See Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. 9 § 3621(h)). Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022. *See* 18 U.S.C. § 3621(h)(2).

Inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. *See* 18 U.S.C. § 3624(g)(1)(B); 28 C.F.R. § 523.44. Navarro is eligible to earn FSA time credits. Although Navarro may be eligible to earn time credits, those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Navarro's current recidivism risk level is high.

(Doc. 6-1, p. 4 ¶ 8, Declaration of Jennifer Knepper, BOP Supervisory Attorney; Doc. 6-1, pp. 10-11, FSA Time Credit Assessment Worksheet).  Navarro will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low.  Thus, the Court must deny Nabarro's habeas petition.

III.    **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.  (Doc. 1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 16, 2023